## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, and ASTRAZENECA AB | : : : : : : : | Civ. A. No. 1:17-cv-01968 |
| Plaintiffs, v. | : : : : | Hon. Renée Marie Bumb, U.S.D.J. Hon. Karen M. Williams, U.S.M.J. |
| AMNEAL PHARMACEUTICALS LLC, | : : : | |
| Defendant. | : : | |

## DISCOVERY CONFIDENTIALITY ORDER

Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, and AstraZeneca AB (collectively, "AstraZeneca"), and Defendant Amneal Pharmaceuticals LLC ("Amneal") (altogether, "the Parties"), by and through their undersigned counsel, hereby stipulate and agree, subject to the approval and order of the Court, that the following Discovery Confidentiality Order shall govern the use, disclosure, and dissemination of documents, things, and other material containing trade secrets and other confidential research, development, and commercial information obtained through discovery in the above-captioned case. The Parties request that the Court enter this Discovery Confidentiality Order ("Order") in the above-captioned case.

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

### 1.   DESIGNATION OF CONFIDENTIAL MATERIAL

Any person or entity (the "Producing Party") producing documents, things, information, or other material in this action ("Produced Material") shall have the right to designate as

"Confidential" and subject to this Order any Produced Material that the Producing Party in good faith considers to: (a) contain, reflect, or reveal trade secrets, confidential research, development, or commercial information, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) contain private or confidential personal information, or (c) contain information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection in accordance with under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, which, if disclosed, may cause competitive harm, or other information required by law or agreement to be kept confidential, including without limitation any information, document or thing, produced in response to discovery requests, interrogatory answer, requests for admission, pleading, testimony adduced at depositions, and other discovery taken as well as testimony or transcripts, matters in evidence, and any other information furnished directly or indirectly in the above-captioned action, shall mark all copies, excerpts and summaries thereof, and all information contained therein or derived there from with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

### 2.    DESIGNATION OF ATTORNEYS' EYES ONLY MATERIAL

Any Producing Party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business, financial or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party, including without limitation any information, document or

2

thing, produced in response to discovery requests, interrogatory answer, requests for admission, pleading, testimony adduced at depositions, and other discovery taken as well as testimony or transcripts, matters in evidence, and any other information furnished directly or indirectly in the above-captioned action, shall mark all copies, excerpts and summaries thereof, and all information contained therein or derived there from with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only").

### 3. LABELING OF CONFIDENTIAL AND ATTORNEYS' EYES ONLY MATERIAL

(a)     The designation of information as Confidential or Attorneys' Eyes Only Material for purposes of this Order shall be made in the following manner:

      (i)     with regard to written material (including transcripts of depositions or other testimony), a legend shall be affixed to each page substantially in the form, "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"; and

      (ii)     with regard to non-written material, such as recordings, magnetic media, photographs, and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner.

(b)     If a Producing Party makes any material described in Paragraphs 1 or 2 above available for review and inspection by another party prior to physical production of the material in the action, and the material does not contain confidentiality legends at the time of such review and inspection, the material shall nonetheless be deemed as Attorneys' Eyes Only Material under this Order until such time as confidentiality legends are affixed to such material.

(c)     Any party may designate any or all portions of depositions taken pursuant to this

action as Confidential or Attorneys' Eyes Only Material either (1) by making a statement on the record at the deposition, or (2) by serving notice in writing to counsel of record within thirty (30) days of receiving the transcript of the deposition. All deposition transcripts not previously designated shall be deemed to be and shall be treated as if designated Attorneys' Eyes Only Material for a period of up to thirty (30) days from receipt of the official transcript of the deposition by all parties to the deposition. A deponent may review the transcript of his or her deposition at any time.

(d)     Notwithstanding the obligations to timely designate Confidential or Attorneys' Eyes Only Material under the foregoing Paragraphs 3(a)-(c), the inadvertent or unintentional failure to designate specific Produced Material as Confidential or Attorneys' Eyes Only Material, shall not be deemed a waiver in whole or in part of the claim of confidentiality to the extent consistent with applicable law. Upon notice of such failure to designate, all receiving parties shall cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed Produced Material. No party shall be held in breach of this Order if, prior to notification of such later designation, such Produced Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the corrected designation. The receiving party shall return or certify the destruction of the undesignated Produced Material.

4.     **ACCESS TO CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION**

(a)     Subject to Paragraphs 5-7, 9, 10 and 22 of this Order, Confidential material and the contents of Confidential material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following individuals under the following conditions:

4

(i)     Outside counsel of record for the parties in this action (herein defined as the outside law firms that are identified as counsel of record for the respective parties herein), and regular and temporary staff of such counsel to the extent necessary to assist such counsel in the conduct of this action;

(ii)    Up to three (3) designated in-house counsel for each of Plaintiffs and Defendant, to be identified at a later date, who are responsible for monitoring and/or supervising this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A.  Any or all of the designated in-house counsel may be substituted for different in-house counsel on written notice to and consent by the other parties to this Order, provided that such consent shall not be unreasonably withheld and that substitutions of designated counsel may only be made if the designated counsel for whom such substitution is made no longer has duties or responsibilities for monitoring and/or supervising this Action that require access to such materials;

(iii)   Outside experts or consultants retained for purposes of this action provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A and subject to Paragraphs 5-6, below;

(iv)    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(v)     Witnesses or potential witnesses in this action, and their counsel;

(vi)    the Court and court personnel;

(vii)   Any deponent may be shown or examined on any information, document or

thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(viii) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(ix) others as to whom the Producing Party has given written consent.

(b) Subject to Paragraphs 5-7, 9, 10 and 22 of this Order, Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following individuals under the following conditions:

(i) Outside counsel of record for the parties in this action (herein defined as the outside law firms that are identified as counsel of record for the respective parties herein), and regular and temporary staff of such counsel to the extent necessary to assist such counsel in the conduct of this action;

(ii) One (1) designated in-house counsel for each of Plaintiffs and Defendant, to be identified at a later date, who is subject to the same limitations and requirements described in Paragraph 4(a)(ii) above;

6

(iii)    Outside experts or consultants retained for purposes of this action provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A and subject to Paragraphs 5-6, below;

(iv)    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(v)    Witnesses or potential witnesses in this action, and their counsel;

(vi)    the Court and court personnel;

(vii)    Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(viii)    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(ix)    other as to whom the Producing Party has given written consent.

(c)    Confidential or Attorneys' Eyes Only Material may be disclosed to a witness and his/her counsel at a deposition, court hearing, or trial if:

(i)    the witness is an officer, director, or employee of the party who produced such

Confidential or Attorneys' Eyes Only Material;

(ii)     the witness was formerly an officer, director, or employee of the party who produced such Confidential or Attorneys' Eyes Only Material and the Confidential or Attorneys' Eyes Only Material existed during the period of his or her service or employment;

(iii)    the Confidential or Attorneys' Eyes Only Material was authored by, created by, addressed to, received by, or signed by the witness, as demonstrated by the Confidential Material itself or foundation testimony during a deposition or trial;

(iv)    the witness is a designee for the Producing Party under Fed. R. Civ. P. 30(b)(6) concerning any topic to which the Confidential Material is relevant; or

(v)     the Parties otherwise agree.

### 5.     NOTICE AND ACKNOWLEDGEMENT OF ORDER

(a)     Every person to whom Confidential or Attorneys' Eyes Only Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

(b)     Furthermore, the in-house corporate counsel representatives who are qualified recipients under the terms of Paragraphs 4(a)(ii) and 4(b)(ii), and the outside experts/consultants who are qualified recipients under the terms of Paragraph 4(a)(iii) and Paragraph 4(b)(iii) to whom disclosure of Confidential or Attorneys' Eyes Only Material is intended, shall confirm their understanding and agreement to abide by the terms of this Order by signing a copy of the

8

acknowledgement attached as Exhibit A.

### 6. NOTIFICATION OF INTENT TO DISCLOSE AND OBJECTIONS

Before counsel for a receiving party may disclose a Producing Party's: (i) Confidential Material to the in-house corporate counsel representatives who are qualified recipients under the terms of Paragraph 4(a)(ii) or to the outside experts/consultants who are qualified recipients under the terms of Paragraph 4(a)(iii); or (ii) Attorneys' Eyes Only Material to the in-house corporate counsel representative who is the qualified recipient under the terms of Paragraph 4(b)(ii) or to the outside experts/consultants who are qualified recipients under the terms of Paragraph 4(b)(iii) above, that party shall give advance notice as follows: Counsel for the receiving party seeking to make the disclosure shall provide written notice (by facsimile, email, or hard copy) to counsel for the producing party of its intent to disclose said Confidential or Attorneys' Eyes Only material and the person's (i) name, (ii) address, (iii) business affiliation (including job title, if any) of the person to whom such disclosure is proposed and (iv) an executed copy of the written confidentiality agreement attached hereto as Exhibit A. With respect to outside experts/consultants listed in Paragraph 4(a)(iii) and Paragraph 4(b)(iii), the notification shall further include (v) a current resume or curriculum vitae, and (vi) a list of all other cases in which, during the previous four (4) years, the expert or consultant has testified at trial or by deposition. The producing party shall have five (5) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the designating party expires, and, if any such objection is made, before that objection is resolved, as provided below. Failure to object within the time period set forth above shall be deemed consent. Any such objection shall be made in writing (by facsimile, email, or hard copy) and state with particularity the basis for

the objection. In the event of such an objection, the parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection. If the parties are unable to resolve the objection, either party may present the dispute to the Court initially by telephone conference call or letter to the Magistrate Judge, in accordance with L. Civ. R. 37.l(a)(l), before filing a formal motion for an order regarding the challenged disclosure. Any such formal motion submitted thereafter will be accompanied by an affidavit certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issue raised by the motion without the intervention of the Court and that the Parties have been unable to reach agreement and will otherwise comply with L. Civ. R. 37.1(a)(l). The objecting party shall have the burden of showing why that person should not have access to Confidential or Attorneys' Eyes Only material or information. In the event an application is made to the Court, no disclosure shall be made until the objection is resolved by agreement of the parties or disclosure is ordered by the Court. The filing and pendency of such motion shall not limit, delay or defer any disclosures of Confidential or Attorneys' Eyes Only material or information to persons as to whom no such objection has been made.

7.      **RESTRICTION ON USE OF PROTECTED MATERIALS**

(a)      All Confidential and Attorneys' Eyes Only material or information shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, including the pursuit of intellectual property rights, or in connection with another legal, regulatory, or patent prosecution proceeding in the U.S. or a foreign country, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the Producing

10

Party, or by Order of the Court. It is, however, understood that an attorney who is a qualified recipient under the terms of the foregoing Paragraphs 4(a)(i) or 4(b)(i) may give advice to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice shall not reveal directly or indirectly the specific content of such Confidential and Attorneys' Eyes Only material, except by prior written agreement of counsel for the Producing Party or by Order of the Court, where such disclosure would not otherwise be permitted under the terms of this Order.

(b)      Confidential and Attorneys' Eyes Only material or information shall be used only by individuals permitted access to it under Paragraph 4. Confidential and Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

(c)      A party may not disclose Confidential Material or Attorneys' Eyes Only Material to an in-house attorney pursuant to this Order until at least five (5) business days after: (i) the in-house attorney has signed an undertaking in the form of Exhibit A to this Order; (ii) the in-house attorney has provided a description of the in-house attorney's patent prosecution activities and involvement in submissions to the FDA (e.g., citizen petitions) on behalf of any party to this action; and (iii) the undertaking has been served via email on the producing party. If the producing party has good cause to object to the disclosure to the in-house attorney, the producing party must serve the party proposing to make the disclosure with a written objection within five (5) business days after service of the identification. Unless the parties resolve the dispute within five (5) business days after service of the objection (or a longer period if the parties so agree), the producing party must move the Court promptly for a ruling, and the Confidential Material may

11

not be disclosed to the in-house attorney without the Court's approval.  An in-house attorney granted access to Confidential Material or Attorneys' Eyes Only Material under this paragraph shall provide an updated description of his/her patent prosecution activities and involvement in submissions to the FDA (e.g., citizen petitions) if his/her patent prosecution or FDA activities on behalf of any party to this action change.

(d)     If a party is served with a subpoena or discovery request in another action or any other request seeking by legal process the production of documents, things, information, or other material produced to it and designated as Confidential or Attorneys' Eyes Only Material in this action, such party shall promptly notify the Producing Party.

(e)     This Order shall not apply to, and thus does not restrict any Party's use, for any purpose, of (i) its own Confidential and Attorneys' Eyes Only Material, or (ii) any documents, things, information, or other material that, at the time of disclosure in this action, is publicly known through no unauthorized act of such party or was lawfully developed or obtained independent of discovery in this action.

## 8.     CHALLENGE TO CONFIDENTIALITY DESIGNATION

A party shall not be obligated to challenge the propriety of designating any Confidential or Attorneys' Eyes Only Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.  If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the Parties shall try first to resolve such dispute in good faith on an informal basis.  If the Parties cannot resolve the dispute, the following procedure shall apply:

(a)     Counsel for the objecting party shall serve on the designating party or third party

12

a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. Counsel shall then confer in good faith in an effort to resolve the dispute.

(b)     If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the objecting party may present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. Any such formal motion submitted thereafter will be accompanied by an affidavit certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issue raised by the motion without the intervention of the Court and that the Parties have been unable to reach agreement and will otherwise comply with L. Civ. R. 37.1(a)(l). The party seeking to restrict disclosure of material shall bear the burden of proof that the material constitutes Confidential or Attorneys' Eyes Only Material. This Order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular material is or is not, in fact, Confidential or Attorneys' Eyes Only Material. Although Confidential or Attorneys' Eyes Only Material shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue, nothing shall be regarded as Confidential or Attorneys' Eyes Only Material protected hereunder if it is demonstrated that such material either:

(i)     was, is, or becomes public knowledge through means not in violation of this Order;

13

(ii)     is acquired or was possessed by the receiving party in good faith without confidentiality restrictions or from a third party not subject to this Order, unless the third party is under a duty of confidentiality to AstraZeneca or Amneal;

(iii)    is discovered independently by the receiving party by means that do not constitute a violation of this Order; or

(iv)    was, is, or becomes expressly released from being designated as Confidential or Attorneys' Eyes Only Material by the Producing Party or by order of this Court.

## 9.     MOTIONS TO SEAL

All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

## 10.    NOTICE

(a)     The notification and signed acknowledgement shall be delivered by hand or electronic transmission. Notification to AstraZeneca shall be delivered to: Lisa Pensabene, Filko Prugo, Caitlin Hogan, and Eberle Schultz, O'Melveny & Myers LLP, 7 Times Square, Times Square Tower, New York, NY 10036; and John E. Flaherty, Ravin R. Patel, and Guillermo Carlo Artiles, McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07102.  Notification to Amneal shall be delivered to Paul Tully, Jeremy Noe, Sydney Kokjohn and Jelena Libby, McDonnell Boehnen Hulbert & Berghoff LLP, 300 South Wacker Drive, Chicago, Illinois 60606; and Rebekah Conroy, Stone Conroy LLC, 25A Hanover Road, Suite 301, Florham Park, NJ 07932.

(b)     If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only material or information, it may do so only after

14

giving notice to the producing party and as directed by the Court.

## 11.    INADVERTENT DISCLOSURE OR PRODUCTION

(a)    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material or information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only Material in accordance with this Order. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Discovery Confidentiality Order.   Upon receipt of such written notice, the party who received the previously undesignated Confidential or Attorneys' Eyes Only Material shall return or certify the destruction of the undesignated Produced Material.

(b)    Inadvertent failure to redact any material which a Producing Party claims should have been redacted for any purpose will not be deemed a waiver of the right to make that redaction. That party to whom such inadvertent disclosure is made, shall upon written request by the Producing Party, treat such material as Confidential or Attorneys' Eyes Only Material in accordance with this Order, and, upon request, shall destroy or promptly return to the claiming party or person that material and all copies or reproductions thereof of which the receiving party is aware in whatever form the material exists. The Producing Party shall produce replacement copies bearing proper redactions of any such material.   In the event that the inadvertently

15

unredacted material should have been redacted for purposes of a claim of privilege, the party returning such material may subsequently move the Court for an order compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an order the fact or circumstances of the inadvertent production; nor shall it disclose the substance of the inadvertently produced material except to the extent that an in camera inspection of the material is requested.

      12.    **NON-WAIVER**

      (a)    When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege, work-product immunity or any other legal privilege protecting information from discovery is inadvertently produced, such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity, or other ground for withholding production to which the Producing Party or other person otherwise would be entitled. If a written claim of inadvertent production is made pursuant to this Paragraph with respect to material then in the custody of another party, that party shall, upon receipt of such written notice, promptly return to the claiming patty or person that material and all copies or reproductions thereof of which the receiving party is aware in whatever form the material exists. The party returning such material may subsequently move the Court for an order compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an order the fact or circumstances of the inadvertent production; nor shall it disclose the substance of the inadvertently produced material except to the extent that an in camera inspection of the material is requested.

      (b)    The production of Produced Material by a Producing Party under the terms of

this Order and in response to a request by a party shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy, or admissibility of said material. Nothing contained herein shall preclude any party from opposing any discovery on any basis. Further, nothing in this Order constitutes an admission by any party that any specific item of Confidential or Attorneys' Eyes Only Material of another party is a trade secret or otherwise confidential and proprietary to that party.

### 13.    ADDITIONAL RELIEF OR PROTECTION

This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

### 14.    ORDER AFTER TERMINATION OF THIS ACTION

This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

### 15.    CONCLUSION OF THE ACTION

Within sixty (60) days after entry of a final judgment or dismissal with prejudice in this action (including appeals or petitions for review) or the execution of a settlement agreement among all the Parties finally disposing of all issues raised in this action, outside counsel and all other persons having possession or control of another Party's Confidential or Attorneys' Eyes Only Material shall: (a) return all Confidential or Attorneys' Eyes Only Material and any copies thereof to the appropriate outside counsel who produced the Confidential or Attorneys' Eyes Only Material; or (b) destroy such Confidential or Attorneys' Eyes Only Material. Each party

17

shall give written notice of such destruction to outside counsel for the Producing Party. However, trial counsel may retain one copy of all pleadings for archival purposes. Further, all notes, summaries, or other documents prepared by attorneys, or outside experts/consultants designated as provided in Paragraphs 4(a)(iii) and 4(b)(iii), derived from or containing Confidential or Attorneys' Eyes Only Material, shall after the conclusion of the action, be kept within the files of trial counsel for the party creating such work product, or be destroyed.

### 16.   ADDITIONAL PARTIES

If an additional party joins or is joined in this action, the newly joined party shall not have access to Confidential or Attorneys' Eyes Only Material until the Parties agree to a supplemental Order governing the protection of Confidential or Attorneys' Eyes Only Material.

### 17.   THIRD PARTIES

Any third party from whom discovery is sought in this action may designate some or all of the documents, things, information, or other material as Confidential or Attorneys' Eyes Only Material under this Order. If it does so, then each party to the action will have with respect to such Confidential or Attorneys' Eyes Only Material the same obligations which that party has with respect to Confidential or Attorneys' Eyes Only Material of another party to the action.

### 18.   ATTENDANCE AT PROCEEDINGS

If, during the course of a deposition, Confidential or Attorneys' Eyes Only Material is presented or produced, the Producing Party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with this Discovery Confidentiality Order to have access to such material. If any party seeks to have a person not authorized in accordance with this Discovery Confidentiality Order excluded from a

trial or any hearing or conference in this action, that party shall make an appropriate motion to the Court concerning the proposed exclusion at trial or the particular hearing or conference.

### 19.    UNAUTHORIZED DISCLOSURE

In the event of disclosure of any Confidential or Attorneys' Eyes Only Material to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform outside counsel for the party whose Confidential or Attorneys' Eyes Only Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party also shall promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or material is made. Each party shall cooperate in good faith in that effort.

### 20.    TERMINATION OF ACCESS

(a)    In the event that any person or party ceases to be engaged in the conduct of this action, such person's or Party's access to Confidential or Attorneys' Eyes Only Material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of Paragraph 15 of this Discovery Confidentiality Order, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this action.

(b)    The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to Confidential or Attorneys' Eyes Only Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

### 21.    MODIFICATION

Nothing contained herein shall preclude any party from seeking an order of the Court

modifying or supplementing this Order.  This Order is issued without prejudice to any motion for modification in accordance with the Local Civil Rules of this Court and this Order shall be subject to amendment by the Court at any time.

### 22.    OBLIGATIONS OF OUTSIDE COUNSEL

It shall be the responsibility of outside counsel to ensure strict compliance with the provisions of this Order in their dealings with Confidential and/or Attorneys' Eyes Only Material, and it shall be the responsibility of outside counsel to take reasonable and proper steps to ensure that this Order and all provisions thereof are made known to any person who shall examine Confidential or Attorneys' Eyes Only Material as provided herein.  All persons responsible for determining that material marked as provided in Paragraphs 1 or 2 contains Confidential or Attorneys' Eyes Only Material shall be familiar with this Order and the scope of its protection.  All Confidential and Attorneys' Eyes Only Material including any and all copies thereof shall be kept by outside counsel or any other person having authorized access to such material under the provisions of this Order in a place appropriately safe, given its status.

**AGREED AND STIPULATED TO:**

August 29, 2017

*s/ John E. Flaherty*
John E. Flaherty
Ravin R. Patel
Guillermo Carlo Artiles
**McCARTER & ENGLISH LLP**
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 622-4444

*Attorneys for Plaintiffs AstraZeneca*
*Pharmaceuticals LP, AstraZeneca UK*
*Limited, and AstraZeneca AB*

Lisa Pensabene, Esq.
Filko Prugo, Esq.
Caitlin Hogan, Esq.
Eberle Schultz, Esq.
**O'MELVENY & MYERS LLP**
7 Times Square
New York, New York 10036
(212) 326-2000

*Of Counsel for Plaintiffs AstraZeneca*
*Pharmaceuticals LP, AstraZeneca UK*
*Limited, and AstraZeneca AB*

*s/ Rebekah R. Conroy*
Rebekah R. Conroy
**STONE CONROY LLC**
25A Hanover Road, Suite 301
Florham Park, NJ 07932
Telephone: (973) 400-4181
Facsimile: (973) 498-0070

*Attorneys for Defendant Amneal*
*Pharmaceuticals LLC.*

Paul S. Tully, Ph.D.
Jeremy E. Noe
Sydney R. Kokjohn
Jelena Janjic Libby, Ph.D.
**McDONNELL BOEHNEN HULBERT**
**& BERGHOFF LLP**
300 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 913-0001

*Of Counsel for Defendant Amneal*
*Pharmaceuticals LLC.*

**IT IS SO ORDERED.**

Dated: September 5, 2017

HONORABLE KAREN M. WILLIAMS
UNITED STATES MAGISTRATE JUDGE